## JOHNSON et al. v. UNITED. STATES.
### No. 6213.

Circuit Court of Appeals, Ninth Circuit.
Dec. 22, 1930.

Rehearing Denied Jan. 26, 1931.

Robertson & Smith, of Spokane, Wash., for appellants.

H. E. Ray, U. S. Atty., and Sam S. Griffin, W. H. Langroise, and Ralph R. Breshears, Asst. U. S. Attys., all of Boise, Idaho.

Before RUDKIN and WILBUR, Circuit Judges, and NORCROSS, District Judge.

RUDKIN, Circuit Judge.

This is an appeal from a judgment of conviction under an indictment charging the appellants jointly with numerous violations of the National Prohibition Act (27 USCA). The first count charged unlawful possession of intoxicating liquor on December 8, 1929; the second, third, and fourth counts charged unlawful sales on the same date; the fifth count charged unlawful possession of intoxicating liquor on January 10, 1930; and the sixth, seventh, and eighth counts charged unlawful sales and the maintenance of a common nuisance on the same date. During the period in question, the appellant Charles Johnson was the proprietor of a pool hall and soft drink parlor, known as the Pass Time Pool Hall, at Pierce, Idaho, and the appellant Clarence Johnson was in his employ at the pool hall.

In his opening statement to the jury, the attorney for the appellee stated that the government expected to prove that on December 8, 1929, a number of officers purchased several drinks and a pint of moonshine whisky from the appellant Clarence Johnson in the back room of the pool hall, and that on January 10, 1930, two of the officers returned and purchased drinks and a part of a pint of moonshine whisky from the appellant Charles Johnson in the same back room. Thereupon the attorney for the appellants moved the court to quash the indictment on the ground that it appeared from the opening statement of counsel that there was a misjoinder of offenses, in that each ap-

pellant was charged with a separate and distinct offense with which the other appellant was in nowise connected. This motion was denied, and similar motions interposed at the close of the testimony for the government, and, at the close of all the testimony, were likewise denied. These several rulings are assigned as error. It did not appear from the opening statement of counsel, nor did it appear affirmatively from the testimony, that each appellant was charged with a separate or distinct crime. On the contrary, the testimony offered by the government would warrant a finding that the appellant Charles Johnson aided and abetted the commission of the crimes committed by the appellant Clarence Johnson on December 8, and the testimony would likewise warrant a finding that the two appellants conspired to possess and sell intoxicating liquor in violation of the National Prohibition Act, in which event possession or sale by one in furtherance of the object of the conspiracy would in contemplation of law be possession or sale by both. Davis v. United States (C. C. A.) 12 F.(2d) 253, 257.

The testimony on the part of the appellee tended to show that some of its witnesses had been drinking, more or less, before entering the soft drink parlor on December 8 and were more or less intoxicated. Indeed, one of the government witnesses admitted that he was so far intoxicated at the time that he had but little recollection of what transpired in the pool hall, and his entire testimony was stricken by the court for that reason. Testimony offered by the appellants also tended to show that these witnesses were more or less intoxicated when they entered the pool hall and for some time before and for some time after, and that their conduct was unseemly, to say the least. The government then offered testimony in rebuttal tending to show the course and conduct of the witnesses for several hours after they had made the alleged purchases in the pool hall. Such testimony was offered for the purpose of showing that the witnesses knew what they were about and were not so far intoxicated as to be incapable of remembering and fully comprehending what took place at the time of the alleged sales. The appellants concede that this testimony was competent and material as to what transpired within a reasonable time after the parties left the pool hall, but earnestly insist that the court admitted testimony covering an unreasonable period. The question of a reasonable period could not, of

course, be determined with certainty by either lay or expert witnesses, and the court frankly admitted that it had no knowledge on the subject. Counsel for appellants likewise admitted his inability to fix any period during which the testimony might be said to be competent. Under such circumstances, we are of opinion that the court below did not abuse its discretion, although we ourselves might, perhaps, have placed a narrower limit on the testimony. Furthermore, even if there was some abuse of discretion, it would be hard to say that the appellants were prejudiced thereby, because the testimony complained of had no tendency to prove their guilt.

The court instructed the jury: "I will say to you that it is proper for persons engaged in detecting the commission of crime to go about under cover, as it is said, that is, unidentified, dressed in different ways, or assuming to be engaged in different occupations, and where they suspect liquor is being sold, or in the possession of one in violation of law, to go to the suspected person and propose a violation of the law by asking him for liquor, soliciting him to sell liquor. That is entirely proper."

As an abstract proposition of law, the correctness of this instruction is not challenged, but the appellants contend that it was not responsive to any issue in the case. This seems to be true, so far as the record discloses, but something may have occurred during the course of the trial, in the argument of counsel, or elsewhere, that prompted the court to give the instruction. But, whatever the reason was, good or bad, we are unable to say that a correct statement of an abstract proposition of law, such as this, could be prejudicial to anyone.

The court further instructed the jury: "If you find or are convinced under the evidence that they, or either of them, did have possession of intoxicating liquor, substantially as charged in these two counts, then you would be warranted in finding them guilty."

And again: "If you find from all of the evidence that the defendants, or either of them, sold or kept for sale intoxicating liquor at the place charged in this indictment, substantially as charged in this indictment, more or less continuously, or from time to time, they would be guilty of maintaining a nuisance, regardless of whether people generally, or whether anyone else knew it or not."

These two instructions are so manifestly erroneous that they must have been given through inadvertence, although the court failed to correct them, when its attention was directed to them by exceptions. But under the circumstances of this case neither instruction was prejudicial. The jury only found each appellant guilty of the particular possession or sale proven against him, thus disregarding the first instruction, and the term of imprisonment imposed on the nuisance count was coextensive, and ran concurrently, with the sentence on the sales counts, so that a reversal as to the nuisance count would not affect the judgment as a whole.

The judgment of the court below is affirmed.